# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 50388 | DATE | 5/13/2013 |
| CASE TITLE | Christine Reid vs. Road Ranger, LLC | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion to dismiss is granted with prejudice.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

    Plaintiff Christine Reid has filed an amended one-count complaint against her former employer, defendant Road Ranger, LLC, alleging that defendant unlawfully retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Jurisdiction is proper under 28 U.S.C. § 1331. Defendant now moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) on two independent grounds: (1) plaintiff's claim is barred because she did not timely file a charge with the Equal Employment Opportunity Commission, and (2) plaintiff fails to sufficiently allege a retaliation claim.

    The following facts are taken from the amended complaint. Plaintiff was hired by defendant in June 2004 as a cashier. She was promoted to store manager within a year and a half. Plaintiff received unwanted comments from her immediate supervisor Summer Curran and district manager Jim Lennon during the course of her employment. Both Lennon and Curran told plaintiff that she had a "nice ass." In June 2010, Curran also told plaintiff that she had "nice tits." In August 2010, Lennon stated to plaintiff, "I love the way you smell," and that he missed her smell when she was gone. Lennon would also sniff plaintiff while she was working. Plaintiff complained to Curran in late August 2010 about the unwanted comments directed toward her but Curran ignored plaintiff's objections. On December 13, 2010, plaintiff's employment was terminated. Plaintiff alleges that she was discharged in retaliation for objecting to Curran's and Lennon's behavior, and that the stated reasons for her termination, unsatisfactory performance, were pretextual.

    On July 5, 2011, plaintiff filed a charge of discrimination with the EEOC based on sexual harassment, a hostile working environment, and retaliation. The EEOC sent plaintiff a Right to Sue letter on July 27, 2012. Plaintiff initiated this lawsuit on October 25, 2012 by filing a two-count complaint. She later filed a one-count amended complaint on March 4, 2013, asserting only a claim for retaliation. The instant motion to dismiss was presented before this court on March 20, 2013, whereby the court instructed plaintiff to file her response brief by April 11, 2013, and defendant to file its reply by April 25th. Plaintiff's deadline to file a response came and went without a submission to the docket. A day after defendant filed its reply brief on April 25th, plaintiff's counsel sent a letter addressed to this court with defendant's counsel carbon copied. The letter states:

**STATEMENT - OPINION**

Dear Judge Reinhard:

After review of the Defendant's Motion to Dismiss, the Plaintiff does not intend to file a response to the motion. The Plaintiff believes said motion is not well grounded and if granted would cause every pro se and represented complaint to be invalid with prejudice. The Plaintiff will rely on the Court's sound judgment in this matter.

Defendant's motion is now ripe for disposition.

Dismissal for failure to state a claim under Rule 12(b)(6) is proper when the allegations in the complaint do not raise a claim of entitlement to relief. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2012). The complaint must contain allegations that state a claim to relief that is plausible on its face. *Id.*

Plaintiff's failure to timely respond to defendant's arguments alone warrants dismissal of the lawsuit. *See Thomas v. Urban P'ship Bank*, No. 12 C 6257, 2013 WL 1788522, at *13 (N.D. Ill. Apr. 26, 2013) (collecting cases).

Nevertheless, with respect to the substance of defendant's motion, it first contends that plaintiff did not timely exhaust her administrative remedies under Title VII. Title VII's statute of limitations requires a plaintiff to first file a charge with the EEOC within 180 days of the alleged unlawful employment practice, or within 300 days if a charge was initially filed "with a state or local agency with authority to grant or seek relief from such practice . . . ." 42 U.S.C. § 2000e-5(e)(1); *Turner v. The Saloon*, 595 F.3d 679, 684 (7th Cir. 2010). A plaintiff timely filing her EEOC charge is a precondition to suit. *Volovsek v. Wis. Dep't of Agric., Trade, & Consumer Prot.*, 344 F.3d 680, 687 (7th Cir. 2003).

Here, it is clear from the amended complaint that plaintiff did not file an EEOC charge of discrimination until July 5, 2011. The last actionable employment practice under Title VII occurred when she was terminated on December 13, 2010. The EEOC charge was filed 204 days after plaintiff was discharged, 24 days too late under Title VII's statute of limitations. The amended complaint further lacks any allegation that plaintiff initially filed a complaint with the Illinois Department of Human Rights, the state agency with the authority to grant or seek relief for defendant's alleged unlawful employment practices. Because plaintiff did not timely initiate her charge of discrimination with the EEOC, the suit is time barred, and dismissal of the claim is proper. *Rockwell v. City of Chi.*, No. 11 C 2632, 2012 WL 33009, at *3 (N.D. Ill. Jan. 6, 2012).

Dismissal is appropriate due to plaintiff's failure to abide by Title VII's statute of limitations and to timely and substantively respond to defendant's motion. We therefore need not pass on defendant's remaining arguments. Defendant's motion to dismiss is granted with prejudice, as it is apparent there is no repleading that could cure the deficiency in the complaint. *Id.*, at *3-4.